# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JERALD BLAGG,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0469** (BOR Appeal No. 2053726)
(Claim No.2015002956)

**JOBS IN USA, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerald Blagg, by Counsel M. Jane Glauser, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Jobs in USA, LLC, by Counsel Lisa Warner Hunter, filed a timely response.

The issues on appeal are compensability and medical treatment. On April 16, 2018, the claims administrator issued two Orders denying a request to add depression, adjustment disorder, and post-traumatic stress disorder ("PTSD") as compensable conditions in the claim and denying treatment for those conditions. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Orders on November 19, 2018. This appeal arises from the Board of Review's Order dated April 22, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blagg was injured on July 30, 2014, when he was unloading a truck and a strap broke causing three fifty-pound beams to hit his body while working for Jobs In USA, LLC. The beams struck his legs. He was treated at Camden Clark Medical Center's Emergency Department, where he was evaluated by Houman Khosrovi, M.D. Abdominal CT images revealed no fractures of the vertebral bodies or posterior element. Dr. Khosrovi provided a diagnosis of L1, L2, and L3 transverse process fractures. The fractures were stable, and Dr. Khosrovi did not see any evidence of acute neurosurgical pathology. Paul Schwiger, M.D., provided an orthopedic examination and

1

assessed right intertrochanteric subtrop hip fracture, bilateral knee evulsions with possible ligamentous injuries, right proximal humerus fracture, left scapula fracture, and incidental rib fractures. Mr. Blagg was transferred to West Virginia University Hospital's Orthopedics Unit on August 1, 2014.

On August 2, 2014, Brock Lindsey, M.D, assisted by David McCondra, M.D., and Lindsey Bravin, M.D., performed a right hip open reduction and internal fixation of an intertrochanteric subtrochanteric femur fracture with high energy pattern. Mr. Blagg's post-operative diagnoses were right head-splitting proximal humerus fracture and left tibial plateau and right proximal femur fracture. While staying in the hospital, he underwent occupational therapy. On August 2, 2014, a CT scan of the right shoulder revealed a comminuted intra-articular fracture of the humerus. On August 7, 2014, David Hubbard, M.D., and Dr. Bravin performed an open induction and internal fixation of the left tibial plateau fracture with bone grafting. Mr. Blagg's post-operative diagnosis was left joint depression-type tibia plateau fracture. On August 15, 2014, Mr. Blagg underwent a right reverse total shoulder arthroplasty.

Mr. Blagg was discharged from West Virginia University Hospitals on August 18, 2014. By Order dated September 3, 2014, the claims administrator held the claim compensable for bilateral shoulder fractures, multiple rib fractures, left hip fracture, left pneumothorax fracture, and multiple vertebral fractures. He was granted temporary total disability benefits beginning August 1, 2014.

On June 19, 2015, physical therapist Ed Weber completed a Functional Capacity Evaluation Report. Mr. Weber found that Mr. Blagg was capable of working at a sedentary physical demand level. His physical abilities did not match his current job requirements. Mr. Weber found Mr. Blagg's right shoulder range of motion and strength to be significantly limited. His right hip and left knee range of motion and strength were also limited. Mr. Blagg had limitations in standing, walking, squatting, balance reactions, and transitional modality. It was determined that Mr. Blagg would require a cane for any prolonged distance walking, and he would not be able to engage in carrying activities due to the use of his cane. Material handling was limited by his fifty-pound lifting restriction.

On January 7, 2016, the claims administrator added the diagnoses of left tibia plateau fracture, right proximal femur fracture, and right shoulder humerus fracture. The additional diagnoses were recommended by J. Jeffrey McElroy, M.D. Dr. McElroy provided a Diagnosis Update Form on December 11, 2015.

Mr. Blagg underwent an independent medical evaluation by Bruce Guberman, M.D., on January 7, 2016. Dr. Guberman assessed 40% permanent partial disability based upon calculations of 26% for the right shoulder, 4% for the right hip, 4% for the left knee, 4% for the right knee, and 8% for the lumbar spine. Dr. Guberman provided a Diagnosis Update Form on February 1, 2016, listing left tibial plateau fracture, right proximal femur fracture, right shoulder humerus fracture, left scapular fracture, multiple rib fractures, traumatic pneumothorax fracture, transverse process fractures, and right knee sprain/strain. On September 22, 2016, the Board of Review granted Mr. Blagg a 40% permanent partial disability award, which includes impairment for both knees.

On May 18, 2017, Mr. Blagg presented to CHC Parkersburg with an adjustment disorder. His symptoms included depressed mood, agitated mood, and irritability. The onset of the condition was gradual following health problems and a traumatic event. Associated symptoms included decreased energy, sleep disturbance, fatigue and depression symptoms. Mr. Blagg was frustrated with his health and his inability to do things he used to do. On July 6, 2017, Mr. Blagg requested that the additional diagnoses of depression, adjustment disorder and PTSD be added to the claim.

He was referred for an Independent Medical Evaluation with Bobby Miller, M.D, a psychiatrist. As part of the evaluation, Richard Reeser, M.A., performed a psychological evaluation. In his report dated August 29, 2017, Dr. Miller was asked to address whether the diagnoses of depression, adjustment disorder, and PTSD were causally related to an injury in the claim. Dr. Miller determined that Mr. Blagg did not have a current active psychiatric diagnosis, and therefore, no treatment was recommended. By Order dated September 15, 2017, the claims administrator denied Mr. Blagg's request to authorize the diagnoses and treatment for depression, adjustment disorder, and PTSD.

On November 19, 2018, the Office of Judges concluded that Mr. Blagg does not have work-related depression, adjustment disorder or PTSD. The Office of Judges also concluded that he does not require treatment for those conditions. It was determined that Dr. Miller is in the best position to assess Mr. Blagg's psychiatric condition, and Dr. Miller found that he does not have a current psychiatric diagnosis and is not in need of treatment. Accordingly, the claims administrator's Orders dated April 16, 2018 were affirmed. The Board of Review adopted the findings of fact and conclusions of law and affirmed the decision of the Office of Judges on April 22, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Dr. Miller determined that Mr. Blagg does not have an active psychiatric diagnosis and no treatment was needed. As a psychiatrist, Dr. Miller is in the best position to assess Mr. Blagg's psychiatric condition. The claims administrator properly relied upon the medical opinion of Dr. Miller in denying Mr. Blagg's request that psychiatric conditions be added as compensable conditions under his claim and related treatment be authorized

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison